461 A.2d 623

## UNION NATIONAL BANK AND TRUST COMPANY OF SOUDERTON

### v.

### William J. WALKER and Virginia C. Walker, Appellants.

Superior Court of Pennsylvania.

Argued June 22, 1982.

Filed May 6, 1983.

Reargument Denied July 18, 1983.

38

Steven Harvey Lupin, Lansdale, for appellants.

C. Stephens Vondercrone, Jr., Lansdale, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

LIPEZ, Judge:

██ This appeal is taken by William L. and Virginia C. Walker from an order which dismissed their petition to set aside a sheriff's sale because they had failed to comply with the lower court's order that they post a $117,000.00 bond before their case would be considered. The Walkers argue that the court was without authority to require that such a bond be posted and therefore that the dismissal of their petition was erroneous. We agree.

■ In its opinion, the lower court relies upon Montgomery County Civil Rule 3121(c)(3) as authority for requiring a bond in this case. Rule 3121(c)(3) provides:

> In cases where safe-keeping of property under levy will involve expense, the defendant shall give such security for safe-keeping and maintenance of the same to the end of the stay of the proceedings as the court shall require.

The court reasoned that because plaintiffs, appellees here, would lose equity in the property with delay, a bond to protect plaintiff's interests was appropriate. The rule, however, provides for a bond only where the *safe-keeping and maintenance* of the property impose an expense. A decline in plaintiff's equity in the property is not such an expense and may not be the basis for requiring security under the rule.

■ Appellees' brief also argues that authority for requiring that a bond be posted can be found in Pennsylvania Rule of Civil Procedure 3132, which provides:

> Rule 3132. Setting Aside Sale
>
> Upon petition of any party in interest before delivery of the ... sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

While this provision does give the trial court discretion in fashioning a remedy after consideration of a petition to set aside a sale, we do not agree that it can be read to authorize the court to require security as a *condition* of consideration of the petition. In interpreting the Rules of Civil Procedure, we are to consider the prior practice in the area governed by the rule in question. Pa.R.C.P. 127(c)(5). While it has been a frequent practice to require the posting of a bond in connection with an order setting aside a sale and granting resale, *see Commonwealth Trust Co. v. Harkins*, 312 Pa. 402, 411, 167 A. 278, 282 (1933), appellees have cited no case in which a bond has been required as a condition of hearing the petition, and our research has revealed none. Accordingly, we decline to interpret the

language of Rule 3132 to allow the court here to impose such a requirement. As the bond was improperly required, the lower court's dismissal of appellant's petition for failure to post that bond was erroneous.

Order vacated, petition reinstated, and case remanded for further proceedings. Jurisdiction is relinquished.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

While the careful analysis reflected by the majority opinion is quite persuasive, I most respectfully dissent. The record reflects:

The complaint in foreclosure was filed on January 23, 1980, and damages were assessed at $113,836.89.

The subject real estate was sold by the sheriff for the sum of $125,746.50 on June 25, 1980, only after the sale had been continued three times and delayed for more than three months.

The purchasers paid to the sheriff at the time of the sale the required deposit of $12,570.00 and on July 15, 1980, paid the balance of $113,113.50, for a total payment to the sheriff of $125,746.50.

The petition to set aside this sale was filed by appellants more than five weeks after the sale on August 3, 1980. A return date was set for September 19, 1980.

Appellees filed an Answer with New Matter to the petition in which it alleged that appellants were twenty-four months in arrears, that the continuances of the sale by the sheriff were based upon the assertions of appellants that an agreement for the sale or the refinancing of the property was imminent and that such assertions were baseless.

The hearing judge, after a conference with counsel for the parties, concluded that appellees were exposed to harm by reason of further delay and directed on August 21, 1980, that appellant post bond to protect appellee from loss in the amount of $117,000.00.

The hearing judge on October 6, 1980, more than six weeks after appellants had been directed to enter surety and more than nine months after the foreclosure action was commenced, dismissed the petition of appellants to set aside the sale.

We here review the procedure employed by the Common Pleas Court *after* the sale. Pennsylvania Rule of Civil Procedure No. 3132, 42 Pa.C.S.A., provides in pertinent part:

Rule 3132. Setting Aside Sale

Upon petition of any party in interest before delivery ... of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

As we consider the procedure in delay employed by the Court after the sale, we note that Pennsylvania Rule of Civil Procedure No. 3121, 42 Pa.C.S.A., relating to judicial delay *before* the sale, provides in part:

The sheriff shall stay the sale upon entry by the mortgagor of a bond for payment of the debt in full in ninety days.

The court may stay the sale "upon such terms and conditions as it may deem appropriate."

The nature of the potential harm to interested parties by delay in the completion of execution is neither different nor less after the sale than prior thereto. There is, however, a further party exposed to such harm after the sale, namely, the purchaser. Therefore, the order of the court that bond be posted to insulate the purchaser at the sheriff sale from possible harm and loss caused by or during the delay would seem to be a prudent directive, particularly in view of the fact that the purchaser paid to the sheriff the sum of $125,683.50.

Therefore, I would affirm the order of the hearing judge for the reason that the imposition of the condition of a bond to insulate the purchaser from loss appears prudent under

42

these circumstances and the reason that such an order is permitted under and consistent with Pennsylvania Rule of Civil Procedure No. 3132.